IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

—————————

No. 25-2487
(consolidated with No. 25-2461)

AMERICAN ALLIANCE FOR EQUAL RIGHTS,

Plaintiff

and

UNITED STATES OF AMERICA,

Intervening Plaintiff-Appellant

v.

STATE OF ILLINOIS, *et al.*,

Defendants-Appellees

—————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
No. 1:25-cv-00669
The Honorable Judge Sharon Johnson Coleman

—————————

UNITED STATES' OPPOSITION TO DEFENDANTS-APPELLEES'
MOTION FOR EXTENSION OF TIME TO FILE A BRIEF

—————————

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), the United States respectfully submits this Response to defendants-appellees' Motion for Extension of Time to File a Brief.  The United States opposes the motion for the following reasons:

1.     On August 27, 2025, this Court consolidated the above-captioned cases and entered a briefing schedule. The United States' opening brief was due October 6, 2025 (as was American Alliance for Equal Rights' (AAER) opening brief in No. 25-2461).

2.     Prior to filing its opening brief, the United States requested a stay of the briefing schedule on October 1, 2025, in light of a lapse of appropriations to the Department of Justice.  On October 2, this Court denied the motion but granted a two-week extension.

3.     The United States and AAER submitted their opening briefs on October 20, 2025.  Defendants-appellees' brief was then due on November 19, 2025.  Fed. R. App. P. 31(a)(1).

4.     On November 11, 2025, defendants-appellees filed their first motion for an extension of time, which was unopposed.  This Court granted the first motion on November 13, 2025, and extended the time to file defendants-appellees' response brief by 30 days.

5.     On December 11, 2025, defendants-appellees filed their second motion for an extension of time, which was unopposed.  This Court granted the second motion the same day and extended the time to file a response brief by 32 days.

6.     On January 13, 2026, defendants-appellees filed their third motion for an extension of time, which was unopposed.  This Court granted the third motion the same day and extended the time to file a response brief by 30 days.  Their brief is now due on February 19, 2026.

7.     "Extensions of time to file briefs are not favored."  7th Cir. R. 26.  Defendants-appellees have already obtained three extensions of time to file their response brief in these consolidated appeals, totaling 92 days.

8.     Although the United States has previously offered no objection to defendants-appellees' requests for additional time, this appeal should move forward for a prompt resolution.  The United States has alleged that S.B. 2930—the Illinois law at issue in these cases—constitutes a continuing deprivation of constitutional rights and thus causes irreparable harm as long as it remains in force.  *See* U.S. Br. 9-10.  Expeditious resolution of this appeal is necessary so that the district

court can reconsider the United States' request for preliminary injunctive relief against S.B. 2930. *See id.* at 44.[1]

9. Defendants-appellees have not adequately explained "why, with due diligence and priority given to the preparation of the brief, it will not be possible to file the brief on time." 7th Cir. R. 26. Nor have they identified any materially different reasons for seeking an extension than those offered in their first three motions. Defendants-appellees also do not give any assurance that this will be their last request for an extension of time.

10. If this Court grants defendants-appellees' "fourth motion for a briefing extension," it should state in its order "that no further extensions w[ill] be allowed except in extraordinary circumstances." *Pullins v. Wal-Mart Stores East, L.P.*, No. 20-2006, 2021 WL 2432465 (7th Cir. Feb. 11, 2021) (Sykes, C.J., in chambers).

Therefore, the Court should deny defendants-appellees' Motion for Extension of Time to File a Brief. In the alternative, the Court should

---

[1] AAER and defendants-appellees have previously stipulated that Illinois will not enforce S.B. 2930 against AAER's identified members while this appeal remains pending. *See* AAER Br. 16-17.

make clear that no further extensions will be allowed except in extraordinary circumstances.

Respectfully submitted,

HARMEET K. DHILLON
  Assistant Attorney General

JESUS A. OSETE
  Principal Deputy Assistant
  Attorney General

s/ David N. Goldman
DAVID N. GOLDMAN
  Attorney
  Department of Justice
  Civil Rights Division
  Appellate Section
  Ben Franklin Station
  P.O. Box 14403
  Washington, D.C.  20044-4403
  (202) 616-9405

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 781 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f). This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ David N. Goldman
DAVID N. GOLDMAN
 Attorney

Date:  February 11, 2026